Parness, J. P.
(dissenting). Plaintiff Consolidated Edison Company of New York, Inc. (Con Edison) appeals from 11 separate orders of the Civil Court, New York County, entered by various Judges on various dates. These 11 orders, consolidated by this court for appellate review, involve applications by plaintiff Con Edison for repossession orders permitting a city Marshal to "break open, enter and search” defendants’ premises, seize their utility meters and thereby terminate electrical and gas service. The defendants, all in arrears in payment of utility charges, consist of 10 residential customers and 1 commercial customer of Con Edison. The defendants, who are the respondents herein, did not appear in the proceedings below and have not participated in these appeals.
Con Edison has traditionally resorted to replevin to recover its utility meters from customers who have defaulted in paying for utility services but whose utility service cannot be terminated without access to the meters located on the customers’ premises and to which access cannot be obtained without resort to replevin. Con Edison, seeking to retrieve the utility meters in question, applied to the courts below for the appropriate prejudgment seizure order under CPLR article 71. Those applications were denied on various grounds, e.g.: failure of Con Edison to satisfy constitutional notice and due process requirements (cf, Fuentes v Shevin, 407 US 67; Sniadach v Family Fin. Corp., 395 US 337; Finkenberg Furniture Corp. v Vasquez, 67 Misc 2d 154), failure of Con Edison to submit adequate affidavits in support of applications for orders *99 of seizure, failure of Con Edison to provide adequate undertakings, defects in Con Edison’s proposed orders of seizure, etc.
More than a decade ago Con Edison, through consultation with the Administrative Judges of the Civil Court, attempted to resolve certain differences that had arisen with regard to procedures for securing orders of seizure. Those consultations resulted in a directive to Judges and clerks, "Replevin — Minimal Guidelines for Utilities”, issued March 19, 1974 by Edward Thompson, J.S.C., the Administrative Judge of the Civil Court of the City of New York.
Ten years later the New York State Attorney-General, pursuant to his authority under Executive Law § 63 (15), undertook a separate review of Con Edison’s practice of seeking orders of seizure to secure meters of customers in default of utility payments. Specifically, the Attorney-General concluded that Con Edison’s applications for orders of seizure, of which there were 27,350 in 1981, failed to comply with the Home Energy Fair Practices Act (HEFPA) (Public Service Law art 2; L 1981, ch 713), which governs "the provision of residential service by gas, electric and steam corporations and municipalities” (Public Service Law § 30). Pursuant to the provisions of HEFPA and the rules implemented thereunder by the Public Service Commission (16 NYCRR 11.1-11.22), "special protections * * * regarding the termination and restoration of utility service” are to be afforded to certain specified classes of residential customers, to wit: the elderly, blind and disabled, and in all cases involving medical emergencies or shutoffs during periods of cold weather (16 NYCRR 11.5; Public Service Law § 32 [3]). The Attorney-General also objected to Con Edison’s failure to forward to customers — together with the "notice” informing them an order of seizure will be sought— the affidavit to be submitted to the court by Con Edison in support of its application for the order of seizure. In an "Assurance of Discontinuance Pursuant to Executive Law § 63, subdivision 15” executed February 24, 1983, the Attorney-General and Con Edison agreed to the procedure and the forms to be used in future applications to the court for orders of seizure.
The application procedure and forms approved by the Attorney-General include a comprehensive preseizure notice to the customer. That notice is to be accompanied by a copy of the affidavit to be submitted in support of the seizure application, which affidavit is to contain the pertinent account, information and recite Con Edison’s compliance with the requirements of *100 CPLR article 71 and with HEFPA. A copy of an undertaking and the proposed order seizure complete the package.
In each of these cases plaintiff employed the procedure and forms approved by the Civil Court Administrative Judge and the Attorney-General, including a preliminary mailing of a notice of termination giving the customer 15 days to make payment of the overdue charges. Recourse to seizure was had, in each instance, only after the customer had failed to respond and after plaintiff had made at least one attempt, without success, to gain access to the customer’s premises to disconnect the meter. Each of the plaintiff’s seizure applications included, inter alia, proof of service of the comprehensive notice of contemplated seizure, a surety company’s undertaking, a "Collector Document” containing the customer’s billing and payment information, and an affidavit by one of plaintiff’s officers reciting the underlying facts. In those cases involving a residential utility account, the affidavits state that the special classes of residential customers protected by the HEFPA (Public Service Law art 2) and its implementing regulations (16 NYCRR part 11) are not here involved. Specifically, the affidavits aver that insofar as plaintiff’s records indicate, no "medical emergency exists at the affected premises”; defendants are not "elderly, blind or disabled” or recipients of public assistance; and termination of the utility account will not "affect heat-related service” to defendants’ premises.
In this connection, Con Edison annually mails to each customer a booklet entitled "Your Rights and Responsibilities As a Residential Customer”. This publication contains an application for "Special Rights Program” which asks the customer, to respond if entitled to the special protection afforded by the HEFPA. Additional information concerning customer special needs is collected by Con Edison from its employees’ contact with customers and from other social agencies. All this information is contained in the customer’s computerized account record which is consulted prior to making a seizure application.
The majority sustain the denial of the seizure orders by the courts below on essentially two grounds: first, that the court of original jurisdiction is given "substantial” or "inherent” discretion in deciding whether to grant orders of seizure and second, that "it cannot be said that the court below erred as a matter of law in denying the eleven applications.” The majority, aware that discretion does not mean a court may arbitrar *101 ily grant or deny orders as it sees fit, criticizes the "form” affidavits submitted by Con Edison in support of its application, noting that information was just "filled in”.
As noted above the form of the affidavits to be employed by Con Edison in replevin proceedings was arrived at and approved by the Attorney-Géneral. Further, each affidavit refers to specific relevant facts, including the particular amount involved, the name of the customer, account number, etc. The position of the majority, that each application need be individually composed, in varied writing styles in order to manifest sufficient veracity to warrant granting the relief requested, is unreasonable. If anything, use of standardized affidavits facilitates review by the court clerical staff. Indeed, much of the practice in Civil Court utilizes forms of one sort or another.
The majority suggests that a further procedural flaw in Con Edison’s applications is that the preseizure notice to the customer of possible termination of gas and/or electric service and meter seizure is insufficient to render the application "one on notice” since it does not provide the specific date and time when the application is returnable (CPLR 2214, 2103). In the majority’s view, this failure to provide "proper” notice rendered Con Edison’s applications "ex parte”. Since ex parte seizure applications require an additional showing that the meters sought to be seized will be transferred, concealed or removed from the State, failure by Con Edison to so allege would be fatal to their requests for orders of seizure (CPLR 7102 [d] [3]).
However, both the form and substance of preseizure notice sent by Con Edison evolved through approval of the Administrative Judge of the Civil Court in 1974, ratification of subsequent Administrative Judges, and ultimately approval of the Attorney-General. This notice is both in English and Spanish. The heading of the notice alerts the customer to the consequence of the application in bold, eye-catching type:
"notice! your gas or electricity may be cut off! if you WISH A HEARING YOU MUST GO TO THE CLERK’S OFFICE OF THE CIVIL COURT AT 111 CENTRE STREET, 4TH FLOOR NEW YORK, NEW YORK, IMMEDIATELY * * *
"¡AVISO! SUS SERVICIOS DE GAS Y ELECTRICIDAD PUEDEN SER SUSPENDIDOS! SI DESEA UNA AUDIENCIA DEBARA PRESENTARSE IMMEDIATEAMENTE EN LAS OFICINA DE LA CORTE CIVIL SITUADA EN EL 111 CENTRE STREET, CUATRO PISO, NEW YORK, NEW YORK”. *102 It further informs the customer of the delinquency of the account, the amount due, and the last meter reading. It explains the customer’s HEFPA rights and his right to be represented by an attorney. It cautions that if a seizure order is signed, the Marshal will break into the premises and that “your electric and/or gas meter can be taken and your service terminated” and it advises the customer how to prevent this, i.e., by requesting a hearing before a Judge. To obtain such a hearing, the customer is advised that he must go to Civil Court, Special Term, Part II, between 9:00 a.m. and 5:00 p.m. within 10 days from date of service of the notice.
As can be seen this notice contains warnings and other information which would not be contained in an ordinary notice of motion. Further, it does comply with CPLR 2214 and 2103 in that it does fix a time and place for response by the defendant, albeit a time frame rather than a specific date and time. Certainly the court should not object to a procedure which provides defendant with greater latitude in responding, by providing a period in which to respond at the Civil Court, rather than compelling appearance at a specific date and time. Moreover, the notice gives the customer an opportunity to obtain a hearing date from the clerk of the court on a date and at a time more likely to suit the customer’s needs than if the return date and time were to be arbitrarily fixed by Con Edison in its notice.
We should not casually dismiss the imprimature of the Administrative Judges of the Civil Court and the Attorney-General concerning proper notice procedures for bringing on litigated motions in utility seizure cases. Obviously, it was their opinion, based upon their experience in the Civil Court and in the context of their concern for protection of the public that Con Edison’s customers who wish to be heard in opposition to preseizure notices would be afforded a greater opportunity to be heard and be less likely to default if given a period of 10 days, from 9:00 a.m. to 5:00 p.m. to request a hearing than if confined to a specific return date and time. The majority’s holding that a specific return date and time is a prerequisite to bringing on a litigated motion for an order of seizure is in error. In short, the preseizure notice employed by *103 Con Edison affords its nonpaying customers more liberal notice than they would otherwise be entitled to and, for the reasons stated, the orders of seizure sought by Con Edison should have been granted.
Sandifer and Ostrau, JJ., concur; Parness, J. P., dissents in a separate memorandum.